UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


WILLIAM LEWIS VINTON, III,

    Plaintiff,                              Hon. Janet T. Neff

v.                                                    Case No. 1:10-CV-312

FIRST DATE MERCHANT
SERVICES,

    Defendant.
_____/


## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion to Dismiss. (Dkt. #8). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted** and Plaintiff's action **dismissed**.


## BACKGROUND

The following allegations are contained in Plaintiff's complaint. On April 21, 2009, Plaintiff made a purchase at CG's Diner in the amount of three dollars and thirty-nine cents ($3.39). Plaintiff paid for his purchase with a debit card, after which he was mistakenly given the "merchant's copy" of the sales receipt. The merchant's copy of the receipt contained "all sixteen digits" of Plaintiff's debit card, as well as the card's expiration date.

Plaintiff initiated this action on March 31, 2010, against First Data Merchant Services, the alleged operator of the terminal at which the transaction in question was completed. Plaintiff asserts that First Data has violated his rights under the Fair and Accurate Credit Transactions Act, as well as

the Michigan Identity Theft Protection Act and the Michigan Consumer Protection Act. Defendant First Data now moves to dismiss Plaintiff's complaint for failure to state a claim on which relief may be granted.[1]

**STANDARD**

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See Bower v. Federal Exp. Corp.*, 96 F.3d 200, 203 (6th Cir. 1996).

To prevail on a Rule 12(b)(6) motion, Defendant must demonstrate that it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. As the Supreme Court recently stated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a motion to dismiss will be denied only where the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* at 545. As the Court subsequently explained:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the

---

[1] The Court notes that Plaintiff previously filed an action against CG's Diner concerning this incident. Plaintiff's claims were dismissed by the Honorable Robert Holmes Bell for failure to state a claim on which relief may be granted. *Vinton v. CG's Prep Kitchen and Café*, 2010 WL 748221 (W.D. Mich., Mar. 2, 2010).

> wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Ashcroft v. Iqbal*, ____ U.S. ____, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided such are referenced in the complaint and central to the claims therein. *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008).

## ANALYSIS

**I.**     **Fair and Accurate Credit Transactions Act (FACTA)**

The Fair Credit Reporting Act (FCRA) establishes civil liability for wilful noncompliance with its provisions. *See* 15 U.S.C. § 1681n(a) (damages may be awarded against "[a]ny person who wilfully fails to comply with any requirement imposed under this subchapter with respect to any consumer"); *see also*, *Vinton*, 2010 WL 748221 at *2. In 2003, Congress amended the FCRA by enacting the Fair and Accurate Credit Transactions Act (FACTA), the purpose of which was "to combat identity theft." *See Bateman v. American Multi-Cinema, Inc.*, - - - F.3d - - -, 2010 WL 3733555 at *7 (9th Cir., Sept. 27, 2010). In relevant part, the FACTA provides as follows:

> (g) Truncation of credit card and debit card numbers
>
> > (1) In general
> >
> > > Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any

> receipt provided to the cardholder at the point of the sale
> or transaction.

15 U.S.C. § 1681c(g)(1).

Plaintiff's claim fails for at least two reasons. First, Plaintiff does not allege that the customer copy of the sales receipt failed to comply with the above requirement. Instead, Plaintiff alleges that the offending information was printed on the merchant's copy of the sales receipt. The statutory language quoted above specifically excludes from its scope the merchant's copy of the sales receipt. *See, e.g., Ehrheart v. Bose Corp.*, 2008 WL 64491 at *4 (W.D. Pa., Jan. 4, 2008) ("[t]he statute specifically excludes merchants' copies of receipts from the truncation requirement"). As the *Ehrheart* court observed, there are occasions where "full information may be necessary," such as "in the case of a return" or if a question arises concerning "the validity of a transaction" or "the identity of the purchaser." Accordingly, the court concluded (based on the relevant statutory language) that "FACTA does not prohibit the printing of a receipt containing full card information." *Id.* The Court concludes, therefore, that Plaintiff's allegation that the merchant's copy of the sales receipt contained his complete debit card information fails to state a claim upon which relief may be granted.

Secondly, Plaintiff alleges in his complaint that he received the merchant's copy of the sales receipt "in error." (Dkt. #1 at ¶ 2). As previously noted, the FCRA imposes liability for *wilful* violations. Plaintiff has failed to allege a wilful violation of the FCRA. Accordingly, Plaintiff's allegation that he mistakenly received the merchant's copy of the sales receipt fails to state a claim on which relief may be granted. *See Vinton*, 2010 WL 748221 at *2.

## II. State Law Claims

Plaintiff alleges that the conduct in question violated the Michigan Identity Theft Protection Act and the Michigan Consumer Protection Act.

### A. Michigan Identity Theft Protection Act

The Michigan Identity Theft Protection Act, in relevant part, provides as follows:

A person shall not do any of the following:

(a) With intent to defraud or violate the law, use or attempt to use the personal identifying information of another person to do either of the following:

   (i) Obtain credit, goods, services, money, property, a vital record, a confidential telephone record, medical records or information, or employment.

   (ii) Commit another unlawful act.

(b) By concealing, withholding, or misrepresenting the person's identity, use or attempt to use the personal identifying information of another person to do either of the following:

   (i) Obtain credit, goods, services, money, property, a vital record, a confidential telephone record, medical records or information, or employment.

   (ii) Commit another unlawful act.

Mich. Comp. Laws § 445.65.

While there can be no doubt that Plaintiff's complete debit card number constitutes "personal identifying information," *see People v. Baskin*, 2009 WL 3103844 at *2 (Mich. Ct. App., Sept. 29, 2009), Plaintiff has not alleged that Defendant utilized such information to commit (or attempt to

commit) any of the aforementioned prohibited acts. Plaintiff's allegations, therefore, fail to state a claim for violation of the Michigan Identity Theft Protection Act.

### B. Michigan Consumer Protection Act

The Michigan Consumer Protection Act (MCPA) makes unlawful "unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce." Mich. Comp. Laws § 445.903(1). Such methods, acts, or practices include "[i]f a credit card or debit card is used for payment in a consumer transaction, issuing or delivering a receipt to the consumer that displays any part of the expiration date of the card or more than the last 4 digits of the consumer's account number." Mich. Comp. Laws § 445.903(1)(ii).

The MCPA provides that "a person *who suffers loss* as a result of a violation of this act may bring an action to recover actual damages or $250.00, whichever is greater." Mich. Comp. Laws § 445.911(2) (emphasis added). While Plaintiff *may* have alleged a technical violation of the MCPA,[2] he has not alleged that he suffered any loss as a result. Such is a fatal defect. *See Vinton*, 2010 WL 748221 at *2 ("[i]n the absence of allegations that plaintiff has 'suffered a loss,' no claim for damages is stated under the [Michigan] Consumer Protection Act"). Accordingly, Plaintiff's allegations concerning the MCPA fail to state a claim on which relief may be granted.

---

[2] The Court was unable to locate authority interpreting or addressing the provision in question. Nevertheless, for the same reasons articulated above, the Court would conclude that the statutory language in question specifically excludes from its scope the merchant's copy of the sales receipt. As discussed below, however, the Court need not reach this issue because Plaintiff's claim fails for a separate reason.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendant's Motion to Dismiss, (dkt. #8), be **granted** and Plaintiff's action **dismissed**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: November 30, 2010	/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge